UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICHOLAS GUENTHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:13-CV-669 PS |
| vs. | ) |
| | ) |
| DR. NADIR AL-SHAMI, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Nicholas Guenther, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In deciding whether the complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Guenther claims that he is receiving inadequate medical care at the Porter County Jail from the jail physician, Dr. Nadir Al-Shami. He claims that he arrived at the jail in

December 2012, and since that time has experienced increasingly debilitating symptoms, including "flashing spots" which interfere with his vision, swollen eyes, muscle spasms and weakness, swollen glands, lethargy, excessive sweating, and painful joints. He claims that despite his many written and oral requests, Dr. Al-Shami has not provided him with any medical care, other than to run a few blood tests. Guenther suspects he may be suffering from an immune deficiency or glandular disease, but Dr. Al-Shami has accused him of being a hypochondriac and lying about his symptoms.

Under the Eighth Amendment, inmates are entitled to adequate medical care.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment,

---

[1] Because Guenther is a pretrial detainee, the Fourteenth rather the Eighth Amendment applies to his medical care claim, but the governing standards are "essentially interchangeable." *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009).

2

practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to demand a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Giving Guenther the inferences to which he is entitled at this stage, he has alleged a serious medical need, including problems with his vision and pain/weakness that is impacting his daily living. On the subjective prong, he claims that he has complained repeatedly about his medical issues, but Dr. Al-Shami has not prescribed medication or provided any other treatment, other than to run a few blood tests. He further asserts that Dr. Al-Shami has accused him of lying about his symptoms rather than taking them seriously. Accepting his allegations as true, he has alleged a plausible deliberate indifference claim against Dr. Al-Shami.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Dr. Nadir Al-Shami in his official capacity for injunctive relief, and in his individual capacity for compensatory damages for failing to provide him with adequate medical care in violation of the Fourteenth Amendment;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DIRECTS** the U.S. Marshals Service to effect service of process on Dr. Nadir Al-Shami; and

(4) **ORDERS** Dr. Nadir Al-Shami to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: July 10, 2013

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT