UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NICHOLAS GUENTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:13-CV-669 PS |
| vs. | ) | |
| | ) | |
| DR. NADIR AL-SHAMI, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Nicholas Guenther, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983. (DE 10.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In deciding whether the complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

I previously granted the plaintiff leave to proceed on a claim that he received inadequate medical care at the Porter County Jail from the jail physician, Dr. Nadir Al-Shami. (DE 5.) As

was previously outlined, the plaintiff alleges that he arrived at the jail in December 2012, and since that time has experienced increasingly debilitating symptoms, including vision problems, swollen eyes, muscle spasms and weakness, swollen glands, lethargy, excessive sweating, and painful joints. He claims that despite his many written and oral requests, Dr. Al-Shami failed to provide him with any medical care for these problems, other than to run a few blood tests. He suspects he may be suffering from an immune deficiency or glandular disease, but Dr. Al-Shami has accused him of being a hypochondriac and lying about his symptoms.

In the amended complaint, the plaintiff seeks to add as defendants Dr. John Foster, another jail doctor who has been involved with his care, and John Widup, the jail warden. He alleges that in June 2013, he had a meeting with Widup and complained about the lack of adequate care for his medical problems. He saw Dr. Foster in July 2013, but the doctor only gave him a testosterone shot. He states that he still feels "absolutely horrible," and has made repeated complaints to medical staff and the warden that his condition is "getting worse," but to no avail.

Under the Eighth Amendment, inmates are entitled to adequate medical care.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

---

[1] Because the plaintiff is a pretrial detainee, the Fourteenth rather the Eighth Amendment applies to his medical care claim, but the governing standards are "essentially interchangeable." *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009).

On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to demand a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Giving the plaintiff the inferences to which he is entitled at this stage, he has alleged a serious medical need, including problems with his vision and significant pain/weakness that is impacting his daily living. On the subjective prong, he claims that he has complained repeatedly about his medical issues, but neither Dr. Al-Shami nor Dr. Foster have provided him with an effective treatment. He further asserts that the doctors have been dismissive of his medical problems. Accepting his allegations as true, he has alleged a plausible deliberate indifference claim against the two doctors.

As for the warden, he might ordinarily be entitled to defer to the judgment of medical staff regarding the plaintiff's care. *See Hayes v. Snyder*, 546 F.3d 516, 526 (7th Cir. 2008). However, the plaintiff has alleged that he personally met with the warden and told him that his medical needs were not being properly treated. He claims that after that meeting he still did not receive adequate medical care. Under these circumstances, he has alleged enough to proceed past the pleading stage against the warden. *See id.* at 527 ("[N]onmedical officials can be chargeable with the Eighth Amendment scienter requirement of deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.").

As an additional matter, the plaintiff is seeking injunctive relief regarding his current medical care; the warden, as the official overseeing operations at the jail, is an appropriate defendant for purposes of this claim, since he could ensure that any orders pertaining to the plaintiff's medical care are carried out. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011). The plaintiff was previously granted leave to proceed against Dr. Al-Shami in his official capacity on a claim for injunctive relief, but it appears from the plaintiff's filings that Dr. Al-Shami may no longer be involved in his medical care. Accordingly, the warden will be substituted as the defendant on this claim.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Dr. Nadir Al-Shami, Dr. John Foster, and Warden John Widup in their individual capacities for compensatory damages for failing to provide him with adequate medical care;

(2) **GRANTS** the plaintiff leave to proceed against Warden John Widup in his official capacity for injunctive relief in connection with his current medical care;

(3) **DISMISSES** any and all other claims contained in the amended complaint;

(4) **DIRECTS** the U.S. Marshals Service to effect service of process on Dr. Nadir Al-Shami, Dr. John Foster, and Warden John Widup; and

(5) **ORDERS** Dr. Nadir Al-Shami, Dr. John Foster, and Warden John Widup to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Entered: October 3, 2013                                s/ Philip P. Simon
                                                        Philip P. Simon, Chief Judge
                                                        United States District Court