UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NICHOLAS GUENTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:13-CV-669 PS |
| vs. | ) | |
| | ) | |
| DR. NADIR AL-SHAMI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Nicholas Guenther, a *pro se* prisoner, is proceeding on a claim that two jail doctors and the warden of the Porter County Jail were deliberately indifferent to his medical needs. (DE 10.) One of the defendants, Dr. John Foster, moves for summary judgment on the ground that Guenther failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (DE 24.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Nevertheless, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. In determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances to exhaust. *Id.* at 812; *see also Schultz v. Pugh,* 728 F.3d 619, 621 (7th Cir. 2013) (discussing

2

requirement that plaintiff demonstrate that a person of "ordinary firmness" would have been deterred from filing a grievance under the circumstances). When there are disputed issues of fact pertaining to whether the plaintiff exhausted, or was precluded from doing so, the court is required to hold a hearing to resolve those disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Here, the facts show Guenther tendered his original complaint for mailing on June 13, 2013. (DE 1 at 6.) He alleged that since arriving at the jail in December 2012, he had been seen by Dr. Nadir Al-Shami several times for lethargy and other debilitating symptoms, but the doctor failed to provide him with any treatment other than to run a few tests. (*Id.* at 3-4.) I granted him leave to proceed on a claim against Dr. Al-Shami. (DE 5.) On August 22, 2013, Guenther tendered an amended complaint. (DE 10 at 6.) He sought to add as defendants Dr. Foster, another jail doctor who had recently become involved with his care, and John Widup, the jail warden. (*Id.* at 2.) He alleged that on June 24, 2013, he had a meeting with Widup about his medical problems. Thereafter, on July 2, 2013, he was seen by Dr. Foster, who allegedly evaluated him and gave him a testosterone shot, which he claims did not alleviate his symptoms. (DE 10 at 3-4.) I granted Guenther leave to proceed against these two additional defendants. (DE 11.)

In connection with the present motion, Dr. Foster has submitted evidence that since 2002, the jail has had a grievance process in place under which an inmate can grieve a broad range of issues, including medical issues. (DE 26-1, Declaration of Ron Gaydos ("Gaydos Decl.") ¶¶ 2-3 & Ex. A ("Grievance Policy").) Inmates are given a copy of the policy upon booking at the jail. (DE 26-1, Gaydos Decl. ¶ 3.) A record is kept of all inmate grievances, and those records show

that during his time at the jail, Guenther has filed four grievances related to his medical treatment, the last of which was filed on May 9, 2013. (*Id.* ¶ 5 & Ex. C ("Grievances").)

Based on these facts, Dr. Foster moves for dismissal of the claim against him, arguing that Guenther did not file a grievance with respect to the treatment he provided in July 2013. (DE 25.) Indeed, the grievance policy requires an inmate to file a formal grievance within 7 days of the incident about which they are complaining. (DE 26-1, Grievance Policy § III(B).) Thus, grievances Guenther filed in May 2013 and earlier would not properly exhaust a claim pertaining to medical care he received from Dr. Foster in July 2013. Guenther filed a response to the motion, and he asserts in general terms that he did file one or more grievances after he was seen by Dr. Foster in July 2013. (DE 28.) He appears to claim that jail staff threw the grievances away or lost them. (*Id.* at 1.) He further asserts that "[j]ail person[n]el deterred me from writing grievances," and that "half the time they were ignored with no response given or when they did acknowledge them they weren't investigated." (*Id.* at 3.)

Under the applicable law, Guenther could be excused from failing to exhaust if the grievance process was effectively unavailable to him because the defendants did not provide him with the necessary forms or otherwise interfered with his ability to exhaust.[1] *Kaba*, 458 F.3d at 684; *Dole*, 438 F.3d at 809. However, Guenther has offered only vague assertions, and an inmate must offer specifics about his attempts to exhaust to create a genuine issue of fact. *See Schultz*, 728 F.3d at 620 (since prisoner failed to set forth specifics about why he was unable to exhaust, summary judgment for the defendants was proper); *Dale v. Lappin*, 376 F.3d 652, 655-56 (7th

---

[1] Guenther also appears to argue that the exhaustion process at the jail was pointless, but the case law does not permit an inmate to forego exhaustion because he believes it would be futile. *See Perez v. Wisc. Dep't of Corrs.*, 182 F.3d 532, 536 (7th Cir. 1999).

4

Cir. 2004) (plaintiff who offered concrete details in a sworn statement submitted enough to defeat summary judgment, whereas vague assertions are not sufficient to create a genuine issue of fact on exhaustion issue). Guenther does not provide specifics about his attempts to exhaust, including the relevant dates and exactly what jail staff did to deter him from filing a grievance. Further, his statements are not submitted in the form of an affidavit or otherwise made under penalty of perjury. (*See* DE 28.)

Nevertheless, I am cognizant that Guenther is proceeding *pro se*, and that he expresses some confusion about the proper format and level of detail required for his response. (DE 28 at 2.) What he has filed indicates that he may be able to establish a triable issue of fact requiring a *Pavey* hearing, but more detail is needed about the date or dates when he tried to invoke the grievance process, whom he spoke with, what they told him, and precisely what actions he took to obtain and file a grievance form before filing his amended complaint.[2] If he did not take reasonable and timely steps to invoke the grievance process regarding the incident with Dr. Foster, then he did not properly exhaust in accordance with 42 U.S.C. § 1997e(a). *See Pozo*, 286 F.3d at 1025 (inmate must comply with time deadlines to properly exhaust); *Dole*, 438 F.3d at 809 (inmate must show he did "all that was reasonable to exhaust" under the circumstances to be excused from compliance with 42 U.S.C. § 1997e(a)); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (exhaustion must occur prior to the filing of the complaint).

---

[2] Dr. Foster suggests that Guenther definitively pled in his complaint that he only filed two grievances—on May 6 and May 9, 2013—such that he is barred from arguing otherwise now. (DE 29 at 2.) Upon review, I do not view Guenther's allegation as intending to be a complete recitation of the facts pertaining to the exhaustion issue, particularly given his *pro se* status. Exhaustion is an affirmative defense on which the defendant bears the burden of proof, and Guenther was not required to include allegations in his complaint to overcome this defense. *See Dole*, 438 F.3d at 809. Guenther may permissibly provide additional detail about his efforts to exhaust in response to the defendant's motion for summary judgment.

When a party has failed to adequately support an assertion of fact in connection with a motion for summary judgment, I have discretion to afford the party an opportunity to properly support that fact. *See* FED. R. CIV. P. 56(e)(1); *see also Archdiocese of Milwaukee v. Doe,* 743 F.3d 1101, 1109 (7th Cir. 2014) (observing that "trial courts have considerable discretion in managing the course of litigation. . . . and this is no less true in the context of summary-judgment motions"). In the interest of justice, and in light of Guenther's *pro se* status, I will grant him an opportunity to submit a sworn declaration or an affidavit providing additional detail about his efforts to exhaust. The declaration or affidavit must address the specific issues identified below. He may provide other details pertaining to his efforts to exhaust that he believes are relevant to my consideration. He may also submit any documentation he has in his possession or can obtain pertaining to his efforts to exhaust the grievance process.

For the reasons set forth above, the plaintiff is **GRANTED** to and including **June 30, 2014**, to submit a sworn declaration or affidavit addressing the following issues:

> (1) the date when he attempted to invoke the grievance process after being seen by Dr. Foster, including what specific actions he took to obtain and file a grievance, where he sent any forms that were submitted, and the response(s) of jail staff, if any; and

> (2) who deterred him from filing a grievance (providing names, job titles, or other descriptive information to the extent he is able), what exactly they did to deter him from filing a grievance, the date(s) on which he spoke with or interacted with these individuals, what he said to them, and their response(s), if any.

Dr. Foster is granted to and including **July 21, 2014**, to file a response to the plaintiff's submission. The motion for summary judgment (DE 25) is **TAKEN UNDER ADVISEMENT** pending further ruling.

**SO ORDERED**.

ENTERED: May 2, 2014.                    /s/ Philip P. Simon
                                         Philip P. Simon, Chief Judge
                                         United States District Court