UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NICHOLAS GUENTHER,                )
                                  )
         Plaintiff,               )
                                  )    CAUSE NO. 3:13-CV-669 PS
         vs.                      )
                                  )
DR. NADIR AL-SHAMI, *et al.*,     )
                                  )
         Defendants.              )

## OPINION AND ORDER

Nicholas Guenther, a *pro se* prisoner, sues two jail doctors and the warden of the Porter County Jail, claiming they were deliberately indifferent to his medical needs. (DE 11.) One of the defendants, Dr. John Foster, moves for summary judgment on the ground that Guenther failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (DE 24.) I previously granted Guenther an opportunity to submit a sworn declaration supporting his allegation that he was prevented from exhausting by jail staff. (DE 32.) He has since filed that declaration (DE 34), and Dr. Foster responded. (DE 37.) For the reasons stated, the motion for summary judgment is denied.

The facts underlying this case were fully set forth in prior orders and will only be briefly recounted here. Guenther tendered his original complaint for mailing on June 13, 2013. (DE 1 at 6.) He alleged that since arriving at the jail in December 2012, he was seen by Dr. Nadir Al-Shami several times for lethargy and other debilitating symptoms, but the doctor failed to provide him with any treatment other than to run a few tests. (*Id.* at

3-4.) I granted him leave to proceed on a deliberate indifference claim against Dr. Al-Shami. (DE 5.) On August 22, 2013, Guenther tendered an amended complaint seeking to add Dr. Foster, another jail doctor, and Warden John Widup as defendants. (DE 10.) He alleged that on June 24, 2013, he met with Widup about his medical problems, and in July 2013, he was seen by Dr. Foster, who gave him a shot which did not alleviate his symptoms. (DE 10 at 3-4.) He claimed that Dr. Foster and Warden Widup were ignoring his repeated complaints that his symptoms were not resolved. (*Id.*) I granted him leave to proceed on deliberate indifference claims against these two additional defendants. (DE 11.)

Thereafter, Dr. Foster moved for summary judgment. (DE 24.) In connection with his motion, he submitted jail records showing that Guenther filed four grievances related to his medical treatment, the last of which was filed on May 9, 2013. (DE 26-1, Declaration of Ron Gaydos ("Gaydos Decl.") ¶ 5 & Ex. C.) Because the latest of these grievances was filed before Dr. Foster even saw Guenther, Dr. Foster argued that Guenther did not exhaust his administrative remedies with respect to the treatment he provided in July 2013. (DE 25.)

Guenther filed a response to the motion, arguing in general terms that he was prevented from exhausting by jail staff. (DE 28.) In his sworn declaration he elaborates further. He asserts that he filed multiple grievances about his medical care which were thrown away and/or mishandled by jail staff. (DE 34 at 2-3.) He claims this is a common occurrence at the jail. (*Id.* at 3.) He cannot recall all of the dates of these filings,

2

because he did not think to keep a copy for himself. (*Id.*) However, he does recall attempting to give a completed grievance form to Officer Jackson (first name unknown), on or about July 31, 2013, in which he complained about the medical care he received from Dr. Foster. (*Id.* at 3-4.) He claims the officer refused to take the completed form, telling him "it wasn't a matter of life or death and he wasn't going to take it." (*Id.* at 5.) Guenther attests that he decided to send the form directly to Warden Widup, and dropped the completed form in the mailbox addressed to the warden that evening. (*Id.*) Neither Warden Widup nor anyone else ever responded to his grievance.[1] (*Id.*) If these facts are true, Guenther would be excused from failing to exhaust, since the grievance process was effectively unavailable to him. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004) (plaintiff who offered concrete details about his efforts to exhaust which were thwarted by jail staff submitted enough to defeat summary judgment).

Dr. Foster filed a response to the declaration, and argues that Guenther is lying. (DE 37.) In support, he submits sworn declarations from Warden Widup attesting that he never received any grievances from Guenther, as well as declarations from jail staff working on July 31, 2013, who attest that there was no mail from Guenther in the mailbox. (DE 37-1, Widup Decl.; DE 37-2, Cavanaugh Decl.; DE 37-3, Sandage Decl.)

---

[1] Guenther also claims to have sent a grievance to the warden on June 24, 2013, but like his May 2013 grievances, this filing would predate his treatment by Dr. Foster. (*See* DE 34 at 3-4.)

There is a clear factual dispute between the parties, and deciding who is telling the truth requires credibility determinations that cannot be made without an evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *see also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (on summary judgment the court cannot "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts").

Accordingly, summary judgment cannot be granted on the present record. The motion will be denied. Unless Dr. Foster withdraws his exhaustion defense, it will be necessary to hold a *Pavey* hearing to resolve the following issues: (1) whether Guenther attempted to give a completed grievance form to Officer Jackson on or about July 31, 2013, which the officer refused to take; (2) whether Guenther submitted a grievance to the warden on or about July 31, 2013; and (3) whether Guenther submitted any additional grievances about the medical treatment he received from Dr. Foster which were thrown away and/or mishandled by jail staff.

For these reasons, Dr. Foster's motion for summary judgment (DE 24) is **DENIED**. Within fourteen (14) days of this order, Dr. Foster is **ORDERED** to file a notice advising whether he wishes to waive his exhaustion defense or proceed with a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

**SO ORDERED**.

ENTERED: September 4, 2014.		s/Philip P. Simon
						Philip P. Simon, Chief Judge
						United States District Court